## PHINIZY v. BUSH.

FISH, C. J.  1. A full statement of this case appears in 129 *Ga.* 479 (59 S. E. 259). As to the trial last had, complaint was made, in several grounds of the motion for a new trial, of the admission of evidence on given subjects, over the objection of the defendant below, the movant in the motion. The evidence admitted was not set forth, even in substance, in the motion for a new trial. Even if evidence on the general subject indicated in these grounds of the motion was inadmissible for irrelevancy, it is impossible for this court to determine, without knowing what the evidence was, whether it was hurtful to the movant. It is not sufficient, as has been frequently ruled, to refer in the ground of the motion to the brief of evidence, to indicate evidence claimed to have been erroneously admitted. Accordingly such grounds present no questions for adjudication by this court.

2. The court did not abuse its discretion in declining to require the plaintiff, on cross-examination, to give a categorical answer to the question set out in the motion for a new trial. It appears from the ground of the motion itself that the questions were fairly and sufficiently answered, and the court's ruling on the point did not tend "to leave on the minds of the jury the impression that the judge was leaning towards the plaintiff."

3. In the instructions given the court stated the contentions of the parties fairly and with sufficient clearness and fullness. The mere fact that the contentions of the plaintiff were stated at more length than those of the defendant did not indicate that undue stress was laid upon, or undue prominence given to, the former. *Millen etc. Railroad Co.* v. *Allen,* 130 *Ga.* 656 (61 S. E. 541).

4. There was no merit in the ground of the motion for a new trial complaining that "the judge erred in omitting from his statement of defendant's contentions all reference to defendant's admission of an indebtedness of $445 under his special contract of Dec. 16th, and his willingness to pay that sum, as fully set out in his plea—the jury thus being left under the impression, so far as any deliverance from the bench was concerned, that plaintiff would get no compensation at all if a verdict should be returned for the defendant." The defendant, in the amendment to his plea, agreed that if the plaintiff were entitled to recover anything it would be the sum of $1446.25, the amount of the commissions claimed by him. Therefore it seems that "defendant's admission of an indebtedness of $445 under his special contract of December 16, and his willingness to pay that sum," as set out in his original plea, was entirely irrelevant.

5. The request to charge as set out in the 10th ground of the motion was fully covered by the general charge, and this appears from the extracts of the charge set out in the 13th and 14th grounds of the motion, wherein it is complained that the verdict was contrary to such extracts.

6. The court did not err in refusing to instruct the jury in accordance with the request set out in the 11th ground of the motion for a new trial. The request should not have been given, if for no other reason, because it assumed that the only method by which the amount of plaintiff's

compensation could have been defined prior to the contract of December 16, was by the payment thereof by the other stockholders.

7. The court did not err in declining to charge, as requested by the defendant, in substance as follows: that if the plaintiff's services, which he contracted to render the defendant in selling the stock in question, did not end on December 7, 1903, the period when it was claimed the option closed, but were to continue until the entire transaction as to the sale of the stock was finally closed, namely in April, 1904, then the defendant's liability for compensation to the plaintiff did not become fixed until after such services were rendered, and if this should be true, then there was a valid consideration for the contract of December 16, and the verdict should be for the defendant. The vice in this request, which rendered its refusal proper, was the statement that if the plaintiff's services were to continue until the entire transaction was finally closed, then the defendant's "liability for the compensation . . did not become fixed until after such services were rendered." It is not necessarily true that where one person contracts with another for the performance of services, his liability does not become fixed until after such services are performed. This is a matter which may be governed entirely by contract. So, under contract, even the amount of a person's compensation may become fixed and certain before the services are completed.

8. The law applicable to the issues in this case was announced in 129 *Ga.* 479, and on the trial now under review the judge fully and fairly instructed the jury in accordance with the rulings of this court. There was evidence to authorize the verdict, and the court did not abuse its discretion in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

FEBRUARY 15, 1911.

Complaint. Before Judge Hammond. Richmond superior court. January 12, 1910.

*W. H. Fleming,* for plaintiff in error.

*Lamar & Callaway,* contra.