45606.   PICHULIK v. AIR CONDITIONING &
HEATING SERVICE COMPANY et al.

BELL, Chief Judge. Plaintiff brought this suit against the three
defendants jointly to recover for damages to her building re-
sulting from a fire. The court, trying the case without a jury,
granted defendant Air Conditioning & Heating Service Compa-
ny's motion for a directed verdict and entered judgment for this
defendant and granted the other two defendants' motions for
involuntary dismissal. Plaintiff appeals from all these judg-
ments.

1. In one enumeration of error plaintiff contends that the trial
court erred in its refusal to receive in evidence exhibits which
were purportedly the manufacturer's installation instructions
for a duct heater, which plaintiff alleged was negligently in-
stalled by the defendant Heating Service in plaintiff's building
which resulted in the fire and damage. This contention has no
merit. The defendant Heating Service installed the duct heater
several years prior to the fire. Plaintiff was attempting to prove
through these exhibits that this defendant did not install the
heater in conformity with the manufacturer's instructions.
While in a proper case this may be a factor to be considered
along with all other evidence on the issue of negligence, in this
case the foundation laid for the admission was insufficient as
there was a lack of a showing of relevancy and authenticity.
The foundation was limited to the testimony of plaintiff's ex-
pert witness, a consulting engineer, that the exhibits contained
the instructions of the manufacturer for the installation of the

heater. No evidence was offered that this witness had any association or prior dealings with the manufacturer; that the instructions were authored by the manufacturer; that they accompanied the heater when delivered to defendant; or that defendant had any knowledge of the existence or access to the instructions when installation was made.

2. The grant of all the defendants' motions is enumerated as error. The defendant Heating Service moved for a directed verdict, which is procedurally incorrect as this is a non-jury case. See Sec. 50 of the Civil Practice Act (*Code Ann.* § 81A-150). Nonetheless, we will treat it as one for involuntary dismissal under Sec. 41 (b) of the Civil Practice Act. This section provides in material part: "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion *is* not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trior of the facts *may then determine them* and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence." Ga. L. 1966, pp. 609, 653 (*Code Ann.* § 81A-141 (b)). Plaintiff makes the argument that when considering a motion for an involuntary dismissal the trial court is required to consider plaintiff's evidence in a light most favorable to· plaintiff and that the trial judge does not weigh the evidence, but only determines, whether the plaintiff has shown a right to relief; and that her evidence when viewed in its most favorable light shows a right to relief against all the defendants. The cases of *Cadranel v. Wildwood Constr. Co.,* 101 Ga. App. 630 (115 SE2d 415) and *McDougal v. Johnson,* 104 Ga. App. 233 (121 SE2d 417) are cited as authority for this contention. Both cases were decided prior to the adoption of the Civil Practice Act and concerned motions for nonsuit. *Code* § 110-310 provided that a nonsuit shall be granted "if the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover." This rule of practice was expressly repealed by the Civil Practice Act. (Ga. L. 1966, pp. 609, 690;

*Code Ann.* § 81A-201 (dd)). Under Sec. 41 (b), a trial judge in a non-jury case expressly has the power to adjudicate the case on the merits at the conclusion of plaintiff's case. If the trial judge has the power of adjudication of the facts upon motion for involuntary dismissal in a non-jury case, he must weigh the evidence. There is no obligation in the statute that the judge in determining the facts must consider plaintiff's evidence in a light most favorable to the plaintiff. Since the court determines the facts as well as the law, it necessarily follows that the motion may be sustained even though plaintiff may have established a prima facie case. This construction has also been placed on Rule 41 (b) of the Federal Rules of Civil Procedure. See 5 Moore's Federal Practice 1155, § 41.13[4]. A review of plaintiff's evidence reveals that the trial judge was authorized to find the facts adversely to plaintiff. Accordingly, the grant of defendants' motions was proper.

*Judgments affirmed. Quillian and Whitman, JJ., concur.*
ARGUED SEPTEMBER 9, 1970—DECIDED JANUARY 21, 1971.

*O'Kelley, Hopkins & VanGerpen, John M. Bovis, Benjamin Landy, Steven J. Kyle,* for appellant.

*Hansell, Post, Brandon & Dorsey, Jefferson D. Kirby, III,* for appellees.