## 47049. GIVENS v. GRAY.

EBERHARDT, Presiding Judge. This is the second appearance of this matter in this court. See *Givens v. Gray,* 124 Ga. App. 152 (183 SE2d 29). It appears that Givens rented an apartment in a newly constructed complex owned by Gray and after approximately a month's occupancy began to make complaints as to certain deficiencies in the apartment and demanded corrective action by the owner. He stopped paying rent, and thereafter the owner instituted dispossessory proceedings. The tenant filed a counterclaim tendering payment of the rent into the registry of the court, and asserting a "failure of consideration" resulting from the claimed deficiencies. After a hearing the court entered an order finding that the plaintiff was entitled to a writ of possession and directed that it issue against the defendant, and further finding that "the defendant has not proved damages, or any measure of damages for which relief can be granted, has prayed for affirmative equitable relief, which is beyond the jurisdiction of this court [Civil Court of Fulton County], and has failed to state a claim upon which relief can be granted, it is hereby ordered and adjudged that judgment be entered in favor of the plaintiff and third-party defendant, Saul Gray d/b/a Daron Village Apartments, with all costs taxed against the defendant in said case." From this judgment Givens appeals. *Held:*

It appears that all issues made by the pleadings, including the dispossessory proceeding, answer and counterclaim, which were within the jurisdiction of the court in which the cause pended were tried and findings made thereon and judgment accordingly entered in the trial court. The trial was held before a judge without a jury."[W]here the trial judge, sitting as trior of the facts, hears the evidence, his findings based upon conflicting evidence is analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. *Kelly v. Kelly,* 146 Ga. 362 (91 SE 120); *Phillips v. Phillips,* 161 Ga. 79 (129 SE 644); *Perkins v. Courson,* 219 Ga. 611, 616 (135 SE2d 388); *Bass v. Bass,* 222 Ga. 378, 388 (149 SE2d 818)." *West v. West,* 228 Ga. 397, 398 (185 SE2d 763). See also *Gravitt v. Employees Loan &c. Corp.,* 75 Ga. App. 561 (44 SE2d 159). "Where a trial judge hears a case without the intervention of a jury, the credibility of the witnesses is for his determination. *Boynton v. State,* 11 Ga. App. 268 (75 SE 9); *Goggans v. State,* 14 Ga. App. 822 (2) (82 SE 357); *Holbrook v. Rodgers,* 105 Ga. App. 219, 221 (124 SE2d 443)." *Simmons v. State,* 111 Ga. App. 553 (1) (142 SE2d 308). After judgment every presumption and inference favors it and the evidence must be construed to uphold rather than to destroy it. *Young Men's Christian Assn. v. Bailey,* 112 Ga. App. 684, 690 (146 SE2d 324). These principles were applied in *Freidenburg & Co. v. Jones,* 63 Ga. 612, a landlord-tenant case.

Examining the record of the evidence in this case we find there was evidence to support the judgment entered.

*Judgment affirmed. Deen and Clark, JJ., concur.*

ARGUED APRIL 5, 1972—DECIDED MAY 5, 1972—
REHEARING DENIED MAY 16, 1972.

*George L. Howell,* for appellant.

*Schwall & Heuett, Charles E. Leonard, Lee S. Alexander,* for appellee.