## 49808. MEDICAL PERSONNEL POOL v. MIDDLEBROOKS et al.

STOLZ, Judge.

Medical Personnel Pool brought an action on account against Mr. and Mrs. O. R. *Middlebrooks* for services which, according to the itemized statement addressed and mailed to "Mr. O. R. *Middlebrook* [sic]" and attached as an exhibit, were rendered to "Mrs. Florence *Middlebrook* [sic]."

The defendants answered: (1) that defendant O. R. Middlebrooks is not indebted to the plaintiff in any amount whatever in that he never contracted with the plaintiff for any services whatever and that the plaintiff has abused the use of legal process; (2) that the plaintiff knowingly has brought a false suit against defendant O. R. Middlebrooks; (3) that Mrs. O. R. (Florence) Middlebrooks did not receive the services claimed by the plaintiff; (4) that there is no consideration; (5) that the plaintiff well knows that the statement is fraudulent; (6) that the plaintiff told defendant Mrs. Middlebrooks that any services that the plaintiff rendered would be paid by the wife's insurance; and (7) that any negotiations that were carried on between the plaintiff and the defendants were done in the name of Mrs. O. R. Middlebrooks unknown to defendant O. R. Middlebrooks.

The case was tried before the judge without a jury, resulting in the dismissal with prejudice of the action as to defendant O. R. Middlebrooks and judgment in favor of the plaintiff against defendant Mrs. O. R. Middlebrooks in the amount sought. The plaintiff appeals from the order overruling its motion for new trial and

enumerates as error additionally the granting of the "appellee's" motion to dismiss, contended to have been made at the trial. *Held:*

The questions raised by this appeal require a consideration of the evidence. Since no transcript of the evidence is contained in the record, the judgment of the trial court would ordinarily have to be affirmed. *Free For All Missionary Baptist Church v. Hightower,* 127 Ga. App. 84 (192 SE2d 395) and cit. See also *Lyle v. State,* 131 Ga. App. 8 (3a) (205 SE2d 126).

A review of the record, however, discloses that the findings of fact and conclusions of law required by Code Ann. § 81A-152 (a) (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171) were neither made nor waived. This requires that the case be remanded with direction that the trial judge vacate the judgment and prepare, or cause to be prepared, appropriate findings of fact and conclusions of law, and enter a new judgment thereon, after which the losing party shall be free to enter a new appeal. *Bell v. Stocks,* 128 Ga. App. 799, 800 (198 SE2d 209); *Stafford v. Mincy,* 129 Ga. App. 646 (200 SE2d 502); *Donaldson v. Hopkins,* 132 Ga. App. 713 and cit.

*Appeal remanded with direction. Eberhardt, P. J., and Deen, J., concur.*

SUBMITTED OCTOBER 1, 1974 — DECIDED OCTOBER 23, 1974.

*Raborn L. Davis, Albert C. Smarr,* for appellant.