49832. KENNERY v. MOSTELLER et al.

CLARK, Judge.

In this appeal from a judgment against a real estate broker who had sued a buyer and seller we are called upon to determine both a procedural problem and factual questions.

Plaintiff broker brought his suit in several counts. Two of these alleged breach of contract and quantum meruit. The remaining counts sought actual and punitive damages on the basis of an alleged conspiracy to deprive plaintiff of his commission.

The case was tried by the court without a jury. At the close of plaintiff's evidence, defendant sellers moved for a directed verdict and defendant buyer moved for a "directed verdict or a non-suit and/or dismissal, with prejudice." The motions were granted by the trial judge who stated: "I am going to have to find there was no express contract, and there's been no testimony of any kind as to the value of services under quantum meruit, and I am going to also have to find there's no evidence of conspiracy; so, I am going to have to direct a verdict on the evidence of the plaintiff's case."

Plaintiff appeals, assigning error upon the grant of defendants' motions. *Held:*

In a non-jury case, it is procedurally incorrect to move for a directed verdict; and such a motion (as well as the grant thereof) will be construed as one for involuntary dismissal under Section 41 (b) of the Civil Practice Act. *Pichulik v. Air Conditioning &c. Co.,* 123 Ga. App. 195 (180 SE2d 286). That section provides, in part: "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence." Ga. L. 1966, pp. 609, 653 (Code Ann. § 81A-141 (b)).

"Under Sec. 41 (b), a trial judge in a non-jury case expressly has the power to adjudicate the case on the merits at the conclusion of plaintiff's case. If the trial judge has the power of adjudication of the facts upon motion for involuntary dismissal in a non-jury case, he must weigh the evidence. There is no obligation in the statute that the judge in determining the facts must consider plaintiff's evidence in a light most favorable to

the plaintiff. Since the court determines the facts as well as the law, it necessarily follows that the motion may be sustained even though plaintiff may have established a prima facie case." *Pichulik v. Air Conditioning &c. Co.,* supra at 197.

Even if plaintiff set forth a prima facie case as he contends, we nevertheless conclude that an involuntary dismissal pursuant to Section 41 (b) was proper. Our review of the evidence presented by plaintiff demonstrates the trial judge was authorized to determine the facts adversely to the plaintiff broker. Although appellant's able advocate has presented a brief containing numerous decisions concerning the right of a real estate broker to commissions where the parties deal independently of him, the trial transcript shows that here the realtor has not produced evidence warranting a recovery by him under any of these authorities.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED NOVEMBER 4, 1974 — DECIDED JANUARY 7, 1975 — REHEARING DENIED FEBRUARY 6, 1975.

*Arthur P. Tranakos,* for appellant.
*Gambrell & Mobley, Robert D. Feagin, Doss & Sturgeon, M. Kenneth Doss,* for appellees.