## 50153. LAWYERS CO-OPERATIVE PUBLISHING COMPANY v. BEKINS MOVING & STORAGE COMPANY.

PANNELL, Presiding Judge.

The present case was an action brought in the Civil Court of Fulton County based upon an alleged conversion of personal property, and was submitted to the trial judge without the intervention of a jury; and after the plaintiff had presented its evidence the defendant made a motion "for a judgment" on the grounds plaintiff had not proved a conversion or the value of the property, the property having been sold by the defendant prior to the bringing of the action. The trial judge granted the motion and entered judgment for the defendant. The order granting the motion and entering judgment did not provide or state that it was not on the merits. The plaintiff appealed. *Held:*

1. Former Code § 110-310 relating to nonsuits was repealed by Section 135 (dd) of the Civil Practice Act (Ga. L. 1966, pp. 609, 687; Code Ann. § 81A-201 (dd)). Nonsuit has been replaced by a motion for directed verdict at the close of the plaintiff's evidence on jury cases under Section 50 (a) of the Civil Practice Act (Ga. L. 1966, pp. 609, 656, as amended; Code Ann. § 81A-150 (a)) and a motion to dismiss at the close of plaintiff's evidence in cases submitted to the trial judge as a trior of facts without the intervention of a jury under Section 41 (b) of the Civil Practice Act (Ga. L. 1966, pp. 609, 653; Code Ann. § 81A-141 (b)). See *Pichulik v. Air Conditioning &c. Co.,* 123 Ga. App. 195, 196 (2) (180 SE2d 286).

2. Paragraph (b) of Section 41 of the Civil Practice Act provides: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of action or of any claim against him. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render

any judgment until the close of all the evidence. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits."

Treating the motion here as a motion to dismiss under Section 41 (b) of the Civil Practice Act, the trial judge was at liberty to follow one of three courses. He could determine that he would do nothing until the defendant's evidence was in; or he could grant the motion with a provision in the order that it was *not* upon the merits; or he could determine the facts and sustain the motion without providing in the order that it should not be upon the merits. The trial judge here sustained the motion, and by failing to provide that the judgment was not upon the merits it automatically became upon the merits because of the specific provisions of Section 41 (b) of the Civil Practice Act. Being upon the merits it is required that he make such determination of the facts. As was stated in *Pichulik v. Air Conditioning &c. Co,* 123 Ga. App. 195, 197, supra: "If the trial judge has the power of adjudication of the facts upon motion for involuntary dismissal in a non-jury case, he must weigh the evidence." Under these circumstances, the trial court was required by Section 52 (a) of the Civil Practice Act (Ga. L. 1969, pp. 645, 646, as amended; Code Ann. § 81A-152 (a)); made applicable to the Civil Court of Fulton County by Ga. L. 1970, pp. 24, 46 et seq. (in cases where the amount sought to be recovered, exclusive of interest, attorney fees and cost, is $300 or more) to "find the facts specially and state separately its conclusions of the law thereon." Such action is mandatory and not discretionary. *Spivey v. Mayson,* 124 Ga. App. 775, 777 (186 SE2d 154); *Booker v. J. T. Bickers Realty Co.,* 127 Ga. App. 614, 616 (194 SE2d 490). "Since there was a failure to make the requisite findings, the appeal must be remanded with direction that the trial judge vacate the judgment and that he prepare, or cause to be prepared, appropriate findings of fact and conclusions of law, and enter a new judgment thereon. Thereafter, the losing party shall be free to enter another appeal if he

should wish to do so." *Booker v. J. T. Bickers Realty Co.,* 127 Ga. App. 614, supra.

*Appeal remanded with direction. Quillian and Clark, JJ., concur.*

ARGUED FEBRUARY 4, 1975 — DECIDED JUNE 5, 1975.

*Nelson C. Rudolph,* for appellant.

*Hurt, Richardson, Garner & Todd, Robert L. Todd, J. Robert Persons,* for appellee.