51996. TRUMP v. SCOTT EXTERMINATING COMPANY, INC.

PANNELL, Presiding Judge.

The plaintiff brought suit against Scott Exterminating Company, Inc., to recover for damages to her home resulting from termite infestation. She alleged

that the defendant was negligent in inspecting her home and in fraudulently representing the premises to be free of termites. In its answer, the defendant set up various defenses and counterclaimed against the plaintiff. The trial judge heard the case without a jury. After appellant had completed the presentation of her evidence, the defendant made a motion to dismiss plaintiff's action. The judge granted the motion. He also dismissed defendant's counterclaim. The plaintiff appeals from the granting of defendant's motion to dismiss. *Held:*

Appellant urges error in the court's granting defendant's motion to dismiss. Section 41 (b) of the Civil Practice Act (Ga. L. 1966, pp. 609, 653; Code Ann. § 81A-141 (b)) provides that upon defendant's motion to dismiss at the close of plaintiff's evidence in a nonjury trial, the judge has the power to adjudicate the case on the merits. There is no obligation on the part of the trial judge to consider the facts in the light most favorable to the plaintiff. He may sustain the motion to dismiss even though the facts viewed in a light most favorable to the plaintiff would have *authorized* a judgment in her favor. *Pichulik v. Air Conditioning &c. Co.,* 123 Ga. App. 195 (180 SE2d 296). A review of plaintiff's evidence indicates that the trial judge was authorized to find the facts adversely to plaintiff. Accordingly, the granting of defendant's motion to dismiss was proper.

*Judgment affirmed. Marshall, J., concurs. Mc-Murray, J., concurs specially.*

SUBMITTED APRIL 7, 1976 — DECIDED JUNE 9, 1976.

*Skidmore, Barrett & Jenkins, J. Stephen Jenkins,* for appellant.

*J. Sam Plowden,* for appellee.

MCMURRAY, Judge, concurring specially.

I concur specially because the trial judge as trior of the facts was correct in holding the plaintiff "failed to sufficiently make out the case as pled," stating at the conclusion of plaintiff's evidence that she failed to carry the burden of proof. The court then sustained defendant's

motion to dismiss.

The majority are of the opinion that they are bound by *Pichulik v. Air Conditioning &c. Co.*, 123 Ga. App. 195 (180 SE2d 286) holding also that the judge was authorized to find the facts adversely to the plaintiff. No finding of facts was made nor were the conclusions of law made specially; but here they were expressly waived in writing (Code § 81A-152, as amended, Ga. L. 1970, pp. 170, 171). The court did not have to make such a finding. The *Pichulik* case has been followed in such cases as *Kennery v. Mosteller,* 133 Ga. App. 879, 881 (212 SE2d 447) (a three judge opinion, as was *Pichulik)* and *Comtrol v. H-K Corp.,* 134 Ga. App. 349, 351 (214 SE2d 588) which was a six judge decision (three judges dissenting). I am probably bound by these decisions, nevertheless I prefer to affirm the lower court in that he sustained the motion to dismiss because plaintiff failed to prove her case.