### 58266. BOB BENNETT ENTERPRISES, INC. et al. v. TRUST COMPANY BANK.

SHULMAN, Judge.

Seeking satisfaction of a default judgment entered against James R. Bennett, appellee-judgment creditor instituted garnishment proceedings against the U. S. Postal Service as garnishee and James R. Bennett as defendant. The Postal Service answered by tendering the complete amount in controversy. Appellant-Bob Bennett Enterprises, Inc. filed a claim to the property subjected to the garnishment; traversed the garnishee's answer by asserting its claim to the funds on the ground that such funds were payable to it; and posted a bond. Pursuant to appellee's "Motion for Judgment on Bond Dissolving Garnishment," the trial court entered judgment against the appellants herein (Bob Bennett Enterprises, Inc., as claimant to the property subject to the process of garnishment, and its surety). On appeal, we remand with direction.

Although denominated a motion, the order of the trial court following an evidentiary hearing "is something more than a decision of a motion as contemplated by the exemption in [Code Ann. § 81A-152 (a)], but rather is subject to the section's requirement of findings of fact and separate conclusions of law." *Greene v. Colonial Stores,* 141 Ga. App. 35 (232 SE2d 381). Cf. *Lawyers Co-Op.*

*Publishing Co. v. Bekins Moving &c. Co.,* 135 Ga. App. 12 (2) (217 SE2d 372), noting that when a disposition of a motion in a nonjury case requires the weighing of evidence and constitutes an adjudication on the merits, findings of fact and conclusions of law are required.

Since "[a] review of the record . . . discloses that the findings of fact and conclusions of law required by Code Ann. § 81A-152 (a) (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171) were neither made nor waived . . . the case [must] be remanded with direction that the trial judge vacate the judgment and prepare, or cause to be prepared, appropriate findings of fact and conclusions of law, and enter a new judgment thereon, after which the losing party shall be free to enter a new appeal. [Cits.]" *Medical Personnel Pool v. Middlebrooks,* 133 Ga. App. 148, 149 (210 SE2d 372).

*Appeal remanded with direction. Deen, C. J., and Carley, J., concur.*

ARGUED SEPTEMBER 4, 1979 — DECIDED FEBRUARY 7, 1980.

*Donald T. Salter,* for appellants.
*Richard B. Freeman,* for appellee.