### 60843. MARTIN v. GEORGIA STONE AND TILE MANUFACTURING, INC.

QUILLIAN, Chief Judge.

Plaintiff brought an action seeking to recover under the terms of an oral contract to construct a fireplace. The defendant corporation answered and the case came on for a bench trial. After the completion of plaintiff's presentation of evidence, the defendant moved for a dismissal and judgment in its favor pursuant to Civil Practice Act § 41 (b) (Code Ann. § 81A-141 (b); Ga. L. 1966, pp. 609, 653). The trial judge sustained the motion, dismissing plaintiff's complaint and granting judgment for the defendant upon the ground that the plaintiff had shown no right to relief. Plaintiff appealed. *Held:*

Plaintiff contends the court erred in the judgment and cites the well recognized principle of law enunciated in *Layton v. Morrison,* 145 Ga. App. 307, 308 (2) (243 SE2d 697): "In view of the fact that there was total performance on the part of the plaintiff and partial performance on the part of the defendant through his partner, it is obvious that this contract was partly in writing and partly in parol. So construed, it is not void for indefiniteness. '(E)ven though subsidiary promises in a contract may be indefinite, this will not cause the entire contract to be unenforceable if the main promise is sufficiently clear to be capable of enforcement.' *Southern Airways Co. v. DeKalb County,* 102 Ga. App. 850, 859 (118 SE2d 234)."

We recognize that there is some evidence, favorable to plaintiff's cause, regarding the terms of the contract and performance thereof. However, a motion under Code Ann. § 81A-141 (b) is not treated the same as a motion for directed verdict which is sustainable only if the evidence demands a particular verdict. "Under Sec. 41 (b), a trial judge in a non-jury case expressly has the power to adjudicate the case on the merits at the conclusion of plaintiff's case. If the trial judge has the power of adjudication of the facts upon motion for involuntary dismissal in a non-jury case, he must weigh the evidence. There is no obligation in the statute that the judge in determining the facts must

consider plaintiff's evidence in a light most favorable to the plaintiff. Since the court determines the facts as well as the law, it necessarily follows that the motion may be sustained even though plaintiff may have established a prima facie case. This construction has also been placed on Rule 41 (b) of the Federal Rules of Civil Procedure. See 5 Moore's Federal Practice 1155, § 41.13[4]." *Pichulik v. Air Conditioning &c. Co.,* 123 Ga. App. 195, 197 (2) (180 SE2d 286). Accord, *Comtrol v. H. K. Corp.,* 134 Ga. App. 349, 351 (2) (214 SE2d 588); *Trump v. Scott Exterminating Co.,* 138 Ga. App. 866, 867 (227 SE2d 859).

"Thus, in cases of this nature, the trial judge sits as trier of fact, and his findings are analogous to the verdict of a jury and should not be disturbed if there is any evidence to support them." *Comtrol v. H. K. Corp.,* 134 Ga. App. 349, 352, supra.

Since the evidence in this case did not demand a finding for the plaintiff, the trial judge, acting as trier of fact, did not err in granting the defendant's motion.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED JANUARY 12, 1981.

*Jay W. Bouldin,* for appellant.
*G. Robert Oliver,* for appellee.