### 68135. AYCOCK v. MORRIS INDUSTRIES, INC.

BIRDSONG, Judge.

Findings of Fact & Conclusions of Law. Aycock and Morris Industries entered into a limited partnership agreement to sell mobile homes. That agreement was cancelled by a second agreement wherein Morris Industries agreed to sell to Aycock its interests in the business, whether that interest was a profit or a loss. In fact, during the life of the partnership, the business suffered over a $17,000 loss. The second agreement provided that if Aycock could not arrange financing to purchase Morris Industries' equity, Morris Industries agreed to purchase Aycock's interest. The latter event occurred when Aycock did not obtain the necessary funds. Morris Industries was the owner of 75% of the partnership assets and Aycock owned 25%. Aycock's percentage of the loss amounted to over $3,000 plus interest. However, Aycock declined to contribute his share of the loss contending that the agreement called for Morris Industries to "buy" Aycock's loss and thus Aycock owed nothing.

The case was tried at the request of the parties as a non-jury trial. After the evidence was presented and the issues made clear, the trial court in what appears to be an ordinary inquisitorial colloquy with counsel stated orally how he perceived the issue and the court's understanding received the concurrence of the parties. In this colloquy, the trial court concluded, again orally, that he had the responsibility to interpret the contract inasmuch as that was the only issue before the court. The court then discussed each provision of the contract with counsel and stated his interpretation as to the content and

meaning of each paragraph. The court exhaustively interpreted the entire contract and apparently concluded that Aycock was obligated to contribute his share of the loss incurred in the business in order to effectuate Morris Industries' buy-out of Aycock's interest. Following this extended discussion and statement as to how he considered the facts, including the arguments by the parties, the trial court without any further explication directed counsel to prepare an order granting relief to Morris Industries. Appellant Aycock raises as the sole enumeration of error that the order of the court does not set forth the separate findings of fact and conclusions of law upon which its order and judgment was based. *Held*:

OCGA § 9-11-52 (a) provides in pertinent part: "(a) *When necessary; effect.* In all actions in superior court tried upon the facts without a jury . . . the court shall find the facts specially and shall state separately its conclusions of law thereon, and judgment shall be entered. . . . If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein."

In 5A Moore's Federal Practice (2d ed.) 2706, § 52-06 (1) it is stated: "The purpose of findings of fact is threefold: as an aid in the trial judge's process of adjudication; for purposes of res judicata and estoppel by judgment; and as an aid to the appellate court on review." See *Paxton v. Trust Co. Bank of Gwinnett County*, 245 Ga. 834 (268 SE2d 154) reinvigorating this concept announced in *Doyal Dev. Co. v. Blair*, 133 Ga. App. 613 (211 SE2d 642), which had been questioned in the reversal in 234 Ga. 261 (215 SE2d 471).

The issue presented to this court is whether the mandate of OCGA § 9-11-52 (a) as interpreted by the courts of this state was met by the order of the trial court in this case. It is clear that the trial court, as reflected by nine pages of the transcript, orally discussed the issue and the law pertaining thereto. Thereafter, the trial court caused to be issued and filed a summary order awarding a monetary judgment to Morris Industries. However, the findings of fact and conclusions of law do not all appear in one document constituting an opinion or a memorandum of decision as well as the final order of the court. It is Aycock's contention that the findings of fact, conclusions of law, and judgment must all appear together in one document.

Though we are aware of cases which hold that oral findings stated into the record as supplemented by arguments of counsel will satisfy the requirement for written findings and conclusions (see United States v. Johnson, 496 F2d 1131, 1138 (fn. 8) (5th Cir. 1974); Boutte v. M/V Malay Maru, 370 F2d 906, 907-908 (1) (5th Cir. 1967); and Amplex of Md. v. Outboard Marine Corp., 380 F2d 112, 113 (2) (4th Cir. 1967)), this is not the rule followed in this state which by statute requires express, written findings of fact and conclusions of

law. OCGA § 9-11-52 (a); *Broussard v. Williams,* 164 Ga. App. 545, 546 (298 SE2d 269). There is no evidence that this statutory requirement was waived in this case. In these circumstances, this court, in view of the mandatory language of the statute, must vacate the judgment of the trial court and remand the case for preparation of written findings of fact and conclusions of law after which either party would be free to appeal the appropriately entered judgment.

*Judgment reversed and case remanded. Quillian, P. J., and Carley, J., concur.*

DECIDED MAY 21, 1984 —

*Jerry M. Daniel,* for appellant.
*Paul W. Calhoun, Jr.,* for appellee.