Sognier, Judge.
G. W. P. appeals his adjudication as a delinquent for selling marijuana in violation of the Georgia Controlled Substances Act.
1. Appellant contends error in denial of his motion to dismiss the complaint on the ground that the State failed to prove venue in Walker County.
This contention is not supported by the transcript. On cross-examination, appellant stated he went to school at Chattanooga Valley Elementary School. The prosecutor then asked: “Is that here in Walker County?”, and appellant replied: “Yes, sir.” Since the sale of marijuana was made at Chattanooga Valley Elementary School, venue *319 was shown clearly to be in Walker County. Hence, it was not error to deny appellant’s motion to dismiss the complaint for failure to prove venue.
Decided October 5, 1984.
James A. Secord, for appellant.
David L. Lomenick, Jr., District Attorney, David J. Dunn, Jr., Assistant District Attorney, for appellee.
2. Appellant contends the adjudication of delinquency and the Order of Disposition were contrary to law and not supported by the evidence. These contentions are without merit.
The evidence disclosed that Wayne Gilley bought a small amount of marijuana from appellant after he told Gilley the price of two “joints” would be $5. The marijuana was discovered by Gilley’s father and turned over to school authorities. When confronted by school authorities appellant admitted giving the marijuana to Gilley, but denied selling it. Appellant testified that Gilley gave him $5, but not for the marijuana. He also admitted that he told Gilley it would cost him $5 for two joints of marijuana.
Where a trial judge hears a case without a jury, the credibility of the witnesses is for his determination. Givens v. Gray, 126 Ga. App. 309, 310 (190 SE2d 607) (1972). We find the evidence sufficient to support the adjudication of delinquency and the Order of Commitment, as the evidence meets the standards of proof required by Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

Judgment affirmed.

McMurray, C. J., and Deen, P. J., concur.