## 74034. CHAMLEE v. DEPARTMENT OF TRANSPORTATION.

(354 SE2d 701)

BIRDSONG, Chief Judge.

Roy Z. Chamlee was the owner of realty located just off Piedmont Avenue in Atlanta near Interstates 75 and 85. In preparation for the widening of I-75-85, the Georgia Department of Transportation (DOT) filed a declaration of taking in Fulton Superior Court, condemning all of Chamlee's property. Initial discussions between Chamlee and DOT personnel had involved only a partial taking of the realty and the corner of a building thereon. Chamlee filed a Petition to Set Aside, Vacate and Annul [the] Declaration of Taking, pursuant to OCGA § 32-3-11, alleging the condemnor had proceeded fraudulently and in bad faith. A hearing was held upon appellant's petition and evidence presented by Chamlee and his son, an attorney, on acts they contended amounted to fraud and bad faith. At the close of the presentation of the condemnee's evidence, condemnor made a motion which is not included in the transcript, but is described by the condemnor in its statement of fact as one which "moved that the petition be dismissed." The court stated: "The court treats that as an equivalent of a motion for a directed verdict by the department . . ." and stated for the record that it found no evidence tending to establish fraud or bad faith, that DOT has if not totally, "substantially complied with all of the provisions of the law respecting the acquisition," that there was no evidence of improper use, abuse or misuse of the powers granted to DOT, but that the Department may be acquiring "some very small amount of land that it has no direct proven use" but the authority of the court did not extend to a determination of necessity. "Accordingly, the court would grant the department's motion." An order was entered which recited that at the close of the evidence DOT "moved for directed verdict" and the "Court hereby GRANTS directed verdict for the plaintiff Department of Transportation." Chamlee brings this appeal. *Held*:

1. Appellant contends the trial court erred in failing to make specific findings of fact and conclusions of law pursuant to OCGA § 9-11-52 (a). We agree. In substance, Rule 52 (a) requires a trial court, in cases tried without a jury, with minor exceptions not here applicable, to "find the facts specially and . . . state separately its conclusions of law thereon." This rule contains a caveat that such *findings of fact and conclusions of law "are unnecessary on decisions of motions* under Code Section 9-11-12 or 9-11-56 or any other motion *except as provided in subsection (b) of Code Section 9-11-41.*" (Emphasis supplied.) In the instant case DOT's motion was treated by the court "as an equivalent of a motion for a directed verdict by the department. . . ." A motion for directed verdict in a non-jury trial is procedurally incorrect and the motion will be treated as one for involun-

tary dismissal under OCGA § 9-11-41 (b). *Kennery v. Mosteller*, 133 Ga. App. 879, 880 (212 SE2d 447); *Pichulik v. Air Conditioning &c. Co.*, 123 Ga. App. 195, 197 (180 SE2d 286).

Under Rule 41 (b), a trial judge in a non-jury case is expressly given the power to adjudicate the case on the merits at the conclusion of plaintiff's case. "If the trial judge has the power of adjudication of the facts upon motion for involuntary dismissal in a non-jury case, he must weigh the evidence." *Martin v. Ga. Stone &c. Mfg.*, 157 Ga. App. 92 (276 SE2d 141); accord *Comtrol v. H-K Corp.*, 134 Ga. App. 349, 351 (214 SE2d 588). Hence, "[a]lthough denominated a motion, the order of the trial court following an evidentiary hearing 'is something more than a decision of a motion as contemplated by the exemption in [OCGA § 9-11-52 (a)], but rather is subject to the section's requirement of findings of fact and separate conclusions of law. *Greene v. Colonial Stores*, 141 Ga. App. 35 (232 SE2d 381).'" *Bob Bennett Enterprises v. Trust Co. Bank*, 153 Ga. App. 344 (265 SE2d 311); accord *Marsh v. Way*, 170 Ga. App. 300, 301 (316 SE2d 599).

Under Rule 41 (b) when a defendant moves for involuntary dismissal, the trial court determines the facts and "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subsection . . . operates as an adjudication upon the merits." The order in the instant case did not otherwise specify, hence the judgment was an adjudication on the merits of the condemnee's action. The adjudication being upon the merits, it is required that the trial court make such determination of the facts as required by Rule 52 (a). *Lawyers Co-op. Pub. Co. v. Bekins Moving &c. Co.*, 135 Ga. App. 12, 13 (217 SE2d 372); accord *American Sanitation Svcs. v. EDM of Tex.*, 136 Ga. App. 200 (221 SE2d 66).

2. Appellee contends the trial court entered appropriate findings of fact and conclusions of law in the transcribed portions of the hearing. A review of the transcript shows that the court did state its conclusions that no evidence had been offered to establish fraud or bad faith, or that DOT had substantially complied with the provisions of the law, and no evidence had been presented which would authorize an action under OCGA § 32-3-11. Is this sufficient compliance with Rule 52 (a)? We find that it is not.

This court's decision in *Aycock v. Morris Indus.*, 171 Ga. App. 50 (318 SE2d 780), is decisive on this issue. In that non-jury trial which required findings of fact and conclusions of law, the trial court, in the transcript, discussed the issues of law pertaining to the action before it, as in the instant case. We concluded "the findings of fact and conclusions of law do not all appear in one document constituting an opinion or a memorandum of decision as well as the final order of the court." 171 Ga. App. at 51. There, we cited federal cases in which the practice of placing oral findings in the transcript had been approved

and we concluded "this is not the rule followed in this state which by statute requires express, written findings of fact and conclusions of law." Id. "The trial court is required to 'ascertain the facts and . . . state not only the end result of (its) inquiry but the process by which it was reached.'" *Broussard v. Williams*, 164 Ga. App. 545, 546 (298 SE2d 269); *PSI Pneumatic Structures v. C & S Newnan Bank*, 159 Ga. App. 766 (285 SE2d 576); *Beasley v. Jones*, 149 Ga. App. 317, 319 (254 SE2d 472).

"'Findings of fact' are insufficient when they merely state the court's answers to the material issues in the case, and when they contain no facts based on the evidence supporting those answers." *C&H Couriers v. American Mut. Ins. Co.*, 166 Ga. App. 853 (1) (305 SE2d 500). We do not find substantial compliance with Rule 52 (a) in the oral recitations of the court's conclusions presented during the hearing. See *Paxton v. Trust Co. Bank*, 245 Ga. 834 (1) (268 SE2d 154).

There being no express waiver of the statutory requirements, this case must be remanded with direction that the trial judge vacate the judgment and prepare, or cause to be prepared, appropriate findings of fact and conclusions of law, and enter a new judgment thereon, after which the losing party is entitled to enter an appeal based thereon.

*Case remanded with direction. Deen, P. J., and Pope, J., concur.*

DECIDED MARCH 11, 1987.

*Richard N. Hubert, David J. Worley*, for appellant.

*Kenneth L. Levy, G. Conley Ingram, Rick S. Sexton, Michael J. Bowers, Attorney General, Roland F. Matson, Senior Assistant Attorney General*, for appellee.