76527. CHAMLEE v. DEPARTMENT OF TRANSPORTATION.
(375 SE2d 626)

BENHAM, Judge.

Appellant's property was the subject of condemnation by the Department of Transportation, the action having been filed on September 7, 1986. Appellant petitioned to have the declaration of taking set aside, vacated, or annulled, and the Superior Court of Fulton County held an evidentiary hearing on the petition in April 1986. At the close of appellant's evidence, the DOT moved to dismiss his petition, and the trial court granted the motion. Appellant appealed the trial court's ruling, arguing that the court failed to make adequate findings of fact and conclusions of law. This court agreed, and remanded the case to the trial court for that purpose, stating that the losing party would have the right to appeal from the new judgment entered thereon. *Chamlee v. Dept. of Transp.*, 182 Ga. App. 120 (354 SE2d 701) (1987). The trial court made the required findings and conclusions, and this appeal is the result.

1. Appellant complains that the trial court's findings of fact that the declaration of taking was filed on July 7, 1984, and that the commissioner of the DOT ordered the property condemned on November 6, 1984, are clearly erroneous. While we agree that the first statement was inaccurate (the petition having been *signed* on July 7 but not *filed* until September 7) and that the second statement could have been more artfully drawn (as the trial court was no doubt referring to the power of the commissioner to order property condemned under

OCGA § 32-3-6 and § 32-3-13 (a)), those inaccuracies have no bearing on the basis for appellant's appeal and, therefore, do not constitute reversible error. The same treatment applies to appellant's fourth enumeration of error, in which he points out another inaccuracy.

2. Appellant also contests what he considers an insufficient description of the property that was to be taken. He contends that the proposals from the DOT regarding the amount to be taken ranged from 320 square feet and two easements to .299 acres, the latter allegedly being all of appellant's property, including a portion of Chestnut Street in which he claimed ownership. Appellant takes the position that the trial court's findings of fact, which refer to the "property subject to condemnation," do not specifically mention the interest the DOT actually acquired, and so the order is fatally defective. We find no such error. The record shows that the parties were uncertain whether appellant owned a portion of the Chestnut Street area that was subject to taking, and we find nothing in the record to show that appellant ever proved his ownership in that portion of the property. The amounts offered by the DOT in negotiating with appellant varied due to the DOT's uncertainty that appellant held title to the property. These variations do not warrant a finding that the DOT was acting in bad faith in dealing with appellant, nor does the trial court's characterizing the property as "property subject to condemnation" render the order deficient or fatally defective, since the title being sought by the DOT and that which was conveyed was in fee simple and excluded all easements. Compare *Dorsey v. Dept. of Transp.*, 248 Ga. 34 (279 SE2d 707) (1981), cited by appellant, in which a temporary construction easement was sought, and thus a more detailed description of its nature and duration was required.

3. Appellant argues that the trial court erred in granting appellee's motion for directed verdict, which was treated as a motion for involuntary dismissal under OCGA § 9-11-41 (b). We disagree. To begin with, appellant's contention that the trial court was required to construe the evidence in his favor is incorrect. As stated in appellant's case when it was previously before this court, "[u]nder Rule 41 (b), a trial judge in a non-jury case is expressly given the power to adjudicate the case on the merits at the conclusion of plaintiff's case. 'If the trial judge has the power of adjudication of the facts upon motion for involuntary dismissal in a non-jury case, he [or she] must weigh the evidence.' [Cits.]" *Chamlee*, supra at 121. "There is no obligation in the statute that the judge in determining the facts must consider plaintiff's evidence in a light most favorable to the plaintiff. Since the court determines the facts as well as the law, it necessarily follows that the motion may be sustained even though plaintiff may have established a prima facie case." *Pichulik v. Air Conditioning &c. Co.*, 123 Ga. App. 195, 197 (180 SE2d 286) (1971). After reviewing the rec-

ord, we conclude that it supports the findings of fact and conclusions of law the trial court produced. As for appellant's assertion that a number of the trial court's findings are based on facts not introduced into evidence, we find it to be incorrect. The record supports every relevant statement in the trial court's order. Moreover, whatever minor discrepancies exist have no meaningful effect on the conclusions of law the trial court reached.

4. Appellant's contention that the trial court erred in stating that it had jurisdiction of the matter pursuant to OCGA § 32-3-4 is without merit. The trial court's citation of that statute section as the basis of jurisdiction merely served to show it had the authority to preside over condemnation proceedings and related issues, including the issues appellant sought to raise. The fact that the trial court did not list every statute section that related to its authority with regard to condemnation actions has no effect on the actual authority with which the court was vested, and it certainly does not constitute reversible error.

5. In his seventh enumeration of error, appellant argues that the trial court erred in its statement that there is a "prima facie presumption that the property or interest condemned is taken for and is necessary to the public use," the basis of his argument being that OCGA § 32-3-11 (c) requires the condemnor to "show cause . . . why the title acquired by the declaration of taking should not be vacated and set aside. . . ." We find no such error. The trial court correctly quoted from OCGA § 32-3-11 (a). Appellant's reliance on that portion of subsection (c) of the statute is misplaced inasmuch as he has taken it out of context and has ignored the interpretation that "[a]lthough a rule nisi orders the respondent to show cause why certain action should not be taken, the burden of showing the necessity for taking such action is on the movant." *Herring v. Standard Guaranty Ins. Co.*, 238 Ga. 261, 262 (232 SE2d 544) (1977). Appellant had the burden of proof on the issues that he raised under OCGA § 32-3-11 (b); that burden was not shifted by the issuance of the rule nisi required by subsection (c), and in the absence of bad faith or abuse of discretion, the condemnor's action must be affirmed. See *City of Atlanta v. First Nat. Bank of Atlanta*, 246 Ga. 424 (271 SE2d 821) (1980); *West v. Dept. of Transp.*, 176 Ga. App. 806 (338 SE2d 45) (1985).

6. We also disagree with appellant's contention that the trial court erred in "failing to find the condemnor's actions required condemnee to seek inverse condemnation of the Chestnut Street property." This argument has no merit. The issue in this phase of the case was whether the taking was in bad faith. The ownership of the Chestnut Street property is not at issue here, but will be at the valuation phase. Appellant can establish ownership and a taking there and be compensated for it at that point.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 3, 1988 —
REHEARING DENIED NOVEMBER 21, 1988 — 

*Richard N. Hubert, David J. Worley,* for appellant.
*Kenneth L. Levy, Michael J. Bowers, Attorney General,* for appellee.