## OVERBY *et al. v.* PHELPS.

Where on the trial of an ejectment case the proof for the plaintiffs showed that they were the heirs at law of their mother, under whom they claimed, but did not show that they were the only heirs of such mother, nor how many heirs there were in all, in order that the court and jury could ascertain the number of shares and find accordingly, if the evidence otherwise authorized it, the grant of a nonsuit was proper.

No. 1759.    JUNE 18, 1920.

Ejectment. Before Judge Kent. Laurens superior court. October 31, 1919.

*L. D. Moore* and *Ira N. Eubanks,* for plaintiffs.

*M. H. Blackshear* and *Hines, Hardwick & Jordan,* for defendant.

HILL, J. The plaintiffs brought ejectment against W. T. Phelps, and on the conclusion of their evidence the court granted a nonsuit. To this judgment the plaintiffs excepted. The plaintiffs sought to recover each a one-sixth undivided interest in the premises in controversy, as heirs at law of Mrs. Jennie G. Overby. The proof failed to show that they are so entitled; and the nonsuit was therefore properly granted. The evidence showed that plaintiffs were heirs at law of their mother, Mrs. Jennie G. Overby; but it did not show that they were the *only* heirs, nor how many heirs there were, in order that the court and jury could ascertain the number of shares in the estate and render a verdict accordingly, if the evidence authorized it. In *Terry v. Brown,* 142 *Ga.* 224, 229 (82 S. E. 566), it is said: "In order to recover, it was incumbent on him [plaintiff] to show either that he was the only orphan of Wilson Hadaway, so as to be entitled to recover the entire land, or how many of such orphans there were, so as to show what undivided part of the land he owned." In *Dupon v. McLaren,* 63 *Ga.* 470 (2), it was held: "To recover in ejectment on a demise in the name of persons claiming to be heirs at law of the grantee, it must

appear either that such persons are the only heirs at law, so as to recover all the land, or how many heirs at law there are, so that those suing may designate and recover their part or share of the land sued for." And see, to the same effect, *Malone* v. *Kelly,* 101 *Ga.* 194 (28 S. E. 689). The proof in the present case having failed to show who all of the heirs of Mrs. Jennie G. Overby were, and that each of the six plaintiffs was entitled to recover a one-sixth undivided interest in these lands, the court did not err in granting a nonsuit. There is a variance between the allegations and the proof, and a nonsuit was therefore proper.

*Judgment affirmed. All the Justices concur.*