## A94A0770. ROSS v. A BETTERWAY RENT-A-CAR, INC. et al.
### (444 SE2d 604)

COOPER, Judge.

This appeal arises out of a lawsuit brought by plaintiffs, A Betterway Rent-a-Car d/b/a Budget Rent-A-Car ("Budget") and the Salvation Army, for damages sustained by their respective vehicles in an automobile accident. Plaintiffs alleged that the accident occurred on August 15, 1992, on Interstate 75/85 southbound near the University Avenue exit, when a tow truck negligently pulled from the emergency lane onto the expressway and into the path of the Salvation Army's vehicle. The driver of the Salvation Army vehicle, Philip Canning, testified that when he slammed on his brakes to avoid hitting the tow truck, his car started to fishtail and was hit from behind by two other vehicles, one of which was owned by Budget. The tow truck was not involved in the collision and did not stop. Defendant Ronnie Ross admitted that he owned a tow truck at the time of the collision but could not remember whether he was driving it on August 15, 1992, at the time and place of the accident. The case was tried without a jury, and the trial judge entered a judgment in favor of Budget for $10,361.78 and in favor of the Salvation Army for $13,249.25. Defendant appeals from the judgment.

1. Defendant argues in two enumerations of error that the trial court erred in denying his motion for directed verdict, because there is insufficient evidence to support the verdict. "In a bench trial there is no jury verdict. Thus, it is procedurally incorrect to move for a directed verdict; and such motion, as well as the grant [or denial] thereof, will be construed as one for involuntary dismissal under OCGA § 9-11-41 (b)." (Citation omitted.) *Hertz Corp. v. McCray*, 198 Ga. App. 484 (1) (402 SE2d 298) (1991). "Thus, in cases of this nature, the trial judge sits as trier of fact, and his findings are analogous to the verdict of a jury and should not be disturbed if there is any evidence to support them." (Citation and punctuation omitted.) Id. at 485.

Defendant primarily argues there was no evidence which placed him at the scene of the accident. Canning testified that the accident occurred around 11:00 p.m. and that prior to the accident, the tow truck had been in the emergency lane with a disabled vehicle which contained several persons of Hispanic descent. Defendant admitted during discovery that on a previous occasion while driving his tow truck, he stopped to give assistance to a vehicle containing persons of Hispanic descent, but he had no knowledge of whether that occurred on August 15, 1992. At trial, defendant testified that on a Saturday in August he stopped to give assistance to a disabled vehicle containing persons of Hispanic descent at the location of the accident. Defendant stated that he believed the time to have been around 8:00 p.m., but

he did not know whether the date was August 15, 1992. Defendant also testified that he left the persons in the disabled car one of his business cards. "The inference which the [trier of fact] may draw from proved facts is circumstantial evidence, which the [trier of fact] has before it for consideration along with all other evidence in the case. It is for the [trier of fact] to weigh this evidence along with all the other evidence and determine where the preponderance of the evidence lies." *Macon Coca-Cola Bottling Co. v. Chancey*, 216 Ga. 61, 70 (114 SE2d 517) (1960). Although there was some discrepancy about the date and time defendant was placed at the scene of the accident, there was ample evidence from which the trial judge could infer that defendant was the driver of the tow truck which negligently pulled from the emergency lane and caused the accident.

Defendant's contention that there was no evidence that one of the damaged cars belonged to Budget is also without merit. The transcript reveals that an appraiser for Budget identified photographs of a damaged car as the car owned by Budget which was involved in the accident on August 15, 1992.

2. Defendant asserts in his third enumeration of error that the trial judge erred in failing to apportion damages. Specifically, defendant argues that the damage to the Salvation Army's and Budget's vehicles was caused by other vehicles; therefore, the damages should have been apportioned among those vehicles which caused the damage. We find no merit to defendant's argument. The trial court correctly ruled that to the extent defendant believed other persons were responsible for the damage, defendant should have made those persons third-party defendants. See generally *Caudle v. Whiddon*, 126 Ga. App. 21 (189 SE2d 875) (1972).

3. In his final enumeration of error, defendant argues the trial court erred in awarding damages because plaintiffs were only entitled to recover the cost to repair the vehicles. With respect to the vehicle owned by the Salvation Army, an appraiser testified that before the accident, the vehicle was worth $17,466. The Salvation Army received $4,293.75 as the salvage value of the vehicle. Subtracting those two figures and adding in the cost of the appraisal, the total loss suffered by the Salvation Army was $13,249.25, the same amount awarded by the trial court. Budget's appraiser testified that the value of Budget's vehicle before the accident was $11,604.28 and its value after the accident was $1,357.50. In addition, Budget paid expenses of $115 for towing services. Thus, Budget's total damages were $10,361.78, the amount awarded by the court. Both appraisers testified that in their opinions, the respective vehicles were total losses. Defendant's argument that plaintiffs were only entitled to recover the amount it would have cost to repair their vehicles is without merit. The difference in value of a vehicle before and after an accident is a proper measure of

damages when the vehicle is declared a total loss. See *Bowling v. Gober*, 206 Ga. App. 38 (3) (424 SE2d 335) (1992).

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur. Blackburn, J., disqualified.*

DECIDED MAY 24, 1994.

*Zimmerman & Associates, Keith F. Brandon*, for appellant.

*Fain, Major & Wiley, Gene A. Major, G. Keith Richardson, Frederic H. Pilch*, for appellees.