S98A0056. SMITH v. GEORGIA KAOLIN COMPANY, INC. et al.
S98X0058. DRY BRANCH KAOLIN COMPANY et al. v. SMITH.
(498 SE2d 266)

CARLEY, Justice.

John W. Smith brought a petition to quiet title pursuant to

OCGA § 23-3-60 et seq. and, in addition, sought damages for trespass against Georgia Kaolin Company, Inc. and Dry Branch Kaolin Company (Kaolin Cos.). As to the quiet title action, the trial court granted Kaolin Cos.' motion for summary judgment, but, in a previous appeal, this Court reversed and remanded, finding that Smith had "demonstrated by written instruments that disputed issues of material fact remain concerning his claim. . . ." *Smith v. Ga. Kaolin Co.*, 264 Ga. 755, 757 (3) (449 SE2d 85) (1994). After remand, the trial court, apparently acting pursuant to OCGA § 9-11-41 (b), dismissed Smith's complaint, concluding that the documents relied upon by Smith did not establish a current record title and that, at the most, Smith has the possibility of an interest. Smith appeals in Case No. S98A0056, and the Kaolin Cos. cross-appeal in Case No. S98X0058.

1. Smith's primary contention is that the dismissal of his complaint is in conflict with this Court's previous decision, as well as previous rulings of the trial court. The record shows, however, that the dismissal occurred in the context of a bench trial held to determine the validity of Smith's record title. Only Smith presented evidence, and the trial court involuntarily dismissed his complaint sua sponte. See *Cramer, Inc. v. Southeastern Office Furniture Wholesale Co.*, 171 Ga. App. 514, 515 (1) (320 SE2d 223) (1984). Such an involuntary dismissal is authorized by OCGA § 9-11-41 (b) and differs considerably from the grant of summary judgment. A dismissal under OCGA § 9-11-41 (b) does not require the trial court to construe the evidence most favorably for the non-moving plaintiff. Since the trial court determines the facts as well as the law, it necessarily follows that an involuntary dismissal may be warranted " ' "even though plaintiff may have established a prima facie case." (Cit.)' [Cit.]" *Ivey v. Ivey*, 266 Ga. 143, 144 (1) (465 SE2d 434) (1996). Thus, despite the rule that a motion for a directed verdict in a bench trial is construed to be a motion for involuntary dismissal, we cannot treat a dismissal pursuant to OCGA § 9-11-41 (b) the same as a directed verdict in a jury trial, which may be upheld only if the evidence demands a particular verdict. *Ross v. A Betterway Rent-a-Car*, 213 Ga. App. 288 (1) (444 SE2d 604) (1994); *Martin v. Ga. Stone &c. Mfg.*, 157 Ga. App. 92 (276 SE2d 141) (1981).

> At a bench trial, the trial court "can determine when essential facts have not been proved." [Cit.] The trial court's "determination as a trier of fact will be reversed only where the evidence demands a contrary finding." [Cit.]

*Ivey v. Ivey*, supra at 144 (1). As the present procedural posture differs substantially from that in which the previous trial and appellate rulings were made, we conclude that those rulings do not control our

review of this appeal.

2. In "suits regarding title to land the plaintiff's right to recovery or relief depends upon the strength of his own title to the realty involved, not the weakness of his opponents[' evidence]." *North Ga. Production Credit Assn. v. Vandergrift*, 239 Ga. 755, 761 (2) (238 SE2d 869) (1977). "The 1966 Quiet Title Act was designed to broaden the relief available by supplementing and not supplanting the quia timet procedure. [Cit.]" *In re Rivermist Homeowners Assn.*, 244 Ga. 515, 517 (260 SE2d 897) (1979). "[E]ven under the relaxed standard of the new law a plaintiff must assert that he *holds* some current record title or current prescriptive title, in order to maintain his suit." (Emphasis in original.) *In re Rivermist Homeowners Assn.*, supra at 518.

To prove that the disputed property had been conveyed to him as part of a larger tract, Smith sought to trace unbroken record title in the disputed property to a 1903 devise to Carrie Burney. See *Addison v. Reece*, 263 Ga. 631, 632 (2) (436 SE2d 663) (1993). Although Ms. Burney may have had record title to the disputed property through a 1903 quitclaim deed, she died intestate and there is no deed from her or her administrator. There is a security deed from three people who share her last name, but no recital therein or other indication that these are her heirs at law. Compare *Herrington v. Church of the Lord Jesus Christ*, 222 Ga. 542, 544 (1) (150 SE2d 805) (1966). In order to support Smith's contention that his chain of title to the disputed property was complete, it was necessary to show title from Ms. Burney. *Hansen v. Owens*, 132 Ga. 648, 649-650 (64 SE 800) (1909). Thus, as Smith makes no claim that he or his predecessors acquired prescriptive title, he should have produced some probative evidence that the three people who executed the security deed were Ms. Burney's heirs at law, and that they were the only heirs at law or how many heirs at law there were. *Hansen v. Owens*, supra at 653; *Overby v. Phelps*, 150 Ga. 293 (103 SE 431) (1920).

A finding in favor of Smith was not demanded by the evidence at the bench trial. See *Addison v. Reece*, supra at 632 (2); *Woodard v. Bowen*, 213 Ga. 185, 188 (3) (97 SE2d 573) (1957). Accordingly, the trial court did not err by dismissing Smith's complaint pursuant to OCGA § 9-11-41 (b). See *Ivey v. Ivey*, supra at 144 (1).

3. As Smith failed to prove ownership of the disputed property, issues regarding his trespass claim are moot. See *Goodyear v. Trust Co. Bank*, 247 Ga. 281, 284 (1) (276 SE2d 30) (1981). The Kaolin Cos.' defensive cross-appeal is also moot and must be dismissed. *Welch v. Welch*, 265 Ga. 89, 91 (453 SE2d 445) (1995).

*Judgment affirmed in Case No. S98A0056. Appeal dismissed in Case No. S98X0058. Benham, C. J., Fletcher, P. J., Sears, Hunstein,*

*Hines, JJ., and Judge James R. Tuten, Jr., concur. Thompson, J., disqualified.*

DECIDED APRIL 13, 1998 —
RECONSIDERATION DENIED MAY 22, 1998.

*Gordon L. Dickens, Jr.,* for appellant.
*Emory A. Wilkerson, Harris & James, John B. Harris, Jr., William C. Harris, Lisa D. Neill-Beckmann, Boone, Scott & Boone, Joseph A. Boone,* for appellees.