A00A1589. CHAMBERS v. GREEN.
(539 SE2d 181)

PHIPPS, Judge.

Robert Chambers sued Michael Green, the former leasing and management agent for certain rental units owned by Chambers. Chambers sought an accounting for all security deposits, damages for Green's failure to maintain a separate trust account, and the return of a $380 security deposit. On the eve of trial but before the entry of a pre-trial order, Green raised a statute of limitation defense. Relying upon evidence showing that Chambers's claims were, in fact, time-barred, the trial court granted Green's motion for involuntary dismissal.

Chambers contends that the trial court erred in dismissing his complaint by incorrectly calculating the proper time for filing his action and by overlooking conflicting evidence. We disagree and affirm.

At the pre-trial motion hearing, the dispositive issue was the timeliness of Chambers's claims and whether they were foreclosed as a matter of law. On an unwritten contract, OCGA § 9-3-26 provides "four years from the accrual of the right of action" to file suit. For suit

for conversion, the action also must be brought within four years.[1] "The statute of limitations begins to run on a cause of action on the date that suit on the claim can first be successfully maintained. [Cits.]"[2]

Chambers stated that he had retained Green in August 1991 to find prospective tenants, lease the rental units, and perform minor maintenance. Green worked for Chambers under an oral agreement. A few years later, in either 1993, 1994, or 1995, the central factual question in issue, Green's employment with Chambers ceased. Chambers, however, did not file the underlying lawsuit until May 11, 1998.

The evidence deviated widely on the exact date that Green's employment ceased. In his complaint, Chambers alleged that "on or about April 1995, Defendant was released as agent for Plaintiff." In a deposition of Chambers taken on February 17, 1998, in an unrelated case, Chambers testified that Green was the property manager and rental agent until "when my brother came in 1995." When asked, "[c]an you be any more specific about the time that that occurred?", Chambers responded, "I really don't remember, no." But during the pre-trial hearing, appearing pro se, Chambers stated in open court that "[Green] was employed by approximately September 1991 and he continued in that capacity until approximately December 1994."[3] Yet, in an affidavit directed to the Georgia Real Estate Commission, dated December 12, 1997, Chambers attested to a much earlier date. Green's counsel directed the court's attention to a document titled "REQUEST FOR INVESTIGATION" that Chambers had filed with the Commission seeking a probe of Green. On this form, Chambers had stated under oath: "Mr. Green's services were terminated in 1993, and I am still waiting for the return of the last $385."[4] Noting that a 1993 date for the ending point of Green's employment "was submitted in a complaint form with the Georgia Real Estate Commission before any lawsuits were filed," the trial court construed this document against Chambers and found his lawsuit against Green time-barred.

Chambers contends that the trial court erred in calculating the time for filing suit. He claims that he could not have filed suit until after he discovered Green's fraud in 1997 or 1998. He further asserts that the trial court applied the wrong standard of review and should

---

[1] OCGA § 9-3-32.

[2] *Limoli v. First Ga. Bank*, 147 Ga. App. 755, 756-757 (250 SE2d 155) (1978).

[3] Chambers, a licensed attorney, had been renting various properties in Atlanta since 1978.

[4] Inexplicably, in his appellate brief, Chambers states that he terminated Green in 1994.

have construed the evidence in his favor, and that in light of the conflicting evidence, a jury should resolve the inconsistencies. We disagree.

An involuntary dismissal under OCGA § 9-11-41 (b) differs considerably from the grant of summary judgment.[5] A dismissal under OCGA § 9-11-41 (b) does not require a trial court to construe the evidence most favorably toward the nonmovant.[6] In addition, because a trial court determines the facts as well as the law, an involuntary dismissal may be warranted despite the fact that a plaintiff established a prima facie case.[7] In ruling on a motion for involuntary dismissal, the trial court can decide whether essential facts have not been proven.[8] As the trier of fact, the trial court's determination will be reversed only when the evidence demands a contrary finding.[9]

In this case, although there was obvious discrepancy as to when Green's employment ceased, it was up to the trial court to weigh the evidence and to decide which evidence to find more credible.[10] As to any claim for breach of contract or conversion, relying on the form that Chambers had filed with the Georgia Real Estate Commission, the trial court resolved the conflicting evidence adversely to Chambers.[11] Mere ignorance of the facts constituting a cause of action does not prevent the running of a statute of limitation.[12] Whether Chambers presented sufficient proof to suggest that he had been debarred or deterred from filing suit earlier so as to toll the statute of limitation under OCGA § 9-3-96 was an issue of fact which the trial court implicitly resolved adversely to him.[13] Because the evidence did not demand a finding to the contrary, we affirm.[14]

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED SEPTEMBER 7, 2000.

*Donald R. Donovan*, for appellant.
*Hughes & Kaplan, Robert W. Hughes, Jr.*, for appellee.

---

[5] *Smith v. Ga. Kaolin Co.*, 269 Ga. 475, 476 (1) (498 SE2d 266) (1998).
[6] See id.
[7] *Ivey v. Ivey*, 266 Ga. 143, 144 (1) (465 SE2d 434) (1996).
[8] *Comtrol, Inc. v. H-K Corp.*, 134 Ga. App. 349, 352 (2) (214 SE2d 588) (1975).
[9] *Barrow v. Gen. Motors Corp.*, 172 Ga. App. 287, 288 (2) (322 SE2d 900) (1984).
[10] *Ross v. A Betterway Rent-A-Car*, 213 Ga. App. 288, 289 (1) (444 SE2d 604) (1994).
[11] See OCGA §§ 9-3-32; 9-3-26.
[12] *Limoli*, supra, 147 Ga. App. at 757.
[13] See *Dunn v. Towle*, 170 Ga. App. 487, 488 (2) (317 SE2d 266) (1984) (unless plaintiff exercises due diligence in discovering the fraud, statute of limitation is not tolled).
[14] *Smith*, supra, 269 Ga. at 475 (1).