A09A2055. MEACHAM v. FRANKLIN-HEARD COUNTY WATER AUTHORITY.

(690 SE2d 186)

ELLINGTON, Judge.

During a non-jury hearing in the Superior Court of Heard County, the Franklin-Heard County Water Authority moved for the involuntary dismissal of Marie Meacham's damages claim, and the trial court granted the motion.[1] After the hearing, the trial court awarded the Authority its attorney fees pursuant to OCGA § 9-15-14. Meacham appeals and contends, inter alia, that the trial court erred in dismissing her claims without giving her the required notice and an opportunity to be heard, in excluding the testimony of her expert witness, and in awarding attorney fees. For the reasons explained below, we reverse the judgment dismissing Meacham's damages claim, vacate the award of attorney fees, and remand the case.

The record shows the following. In 2007, Meacham filed a complaint alleging that her home has been and is being damaged by pressure waves and vibrations that emanate from a nearby underground water line that the Authority maintains. Meacham claimed that her health has also been damaged as a result. Meacham averred that, by failing to remedy the problem, the Authority is interfering

---

[1] See Division 1, infra.

with her use and enjoyment of her land, resulting in an illegal taking of her property. In her prayer for relief, Meacham demanded an injunction barring the Authority from continuing to create a nuisance on her property, as well as monetary compensation for her personal injuries and property damage.

Before the close of discovery, Meacham filed a request that "a hearing for injunctive relief be set upon the next available calendar." In her request, Meacham noted that her "claims for damages can be heard later." The trial court specially set the matter to be heard on June 27, 2008. At the beginning of that hearing, the Authority's counsel advised the court that one of the matters to be resolved was Meacham's motion for an injunction, stating, "with [Meacham's counsel's] blessings I'll characterize this [hearing] as a final hearing on injunctive relief and the merits. The only thing not being discussed in that brief is measure of damages." Meacham's counsel responded, "we'll stipulate to that." He added:

> Your honor, [the Authority's counsel] and I have talked about this being the time to present the science of this case. The one caveat that I would have if at the end of this hearing your honor is in the position of saying[, "]there is something else we can do to determine more concisely what may or may not be going on here["]; if the science does not appear to be as exact as it could be with additional inquiry then I would ask that that final ruling be held until that additional science could be conducted. . . . As all the experts today lay out the various scientific parameters of this case[,] it may be that in combination we do see that there is something else we can do to say, ["]yes, it's this["] or, ["]no, it's that.["] If that appears to be the case[,] it would be my request that we allow that science to occur prior to saying[, "]it's a slam dunk; it's over right now.["]

The trial court then asked for an overview of the case from each side. During his overview, the Authority's counsel noted, "[w]e're here for an injunction hearing. . . . My belief as to what [Meacham's counsel] has been requesting is the possibility that the remedy, the actual remedy, perhaps be saved for another day to figure out how we can, if there is a problem, fix it." Counsel argued that there was no additional scientific test that could be performed to determine how to correct any problem with the water system.

The trial court then called for the presentation of evidence and agreed to take a defense witness out of order. The Authority's first witness, a water treatment expert, testified regarding his investigation of Meacham's complaints to the Authority and his conclusion

that the water pressure problems Meacham was experiencing were being caused by something on her side of the water meter and, as such, were not the Authority's responsibility. Meacham then called her first witness, a structural engineer who inspected Meacham's property in June 2006, October 2007, and April 2008. Because Meacham had not previously identified the witness as an expert witness, the trial court ruled that the witness would be allowed to testify only as a fact witness.[2] The witness testified regarding his observation of cracks and other damage to Meacham's home and storage building, which he characterized as evidence of abnormally rapid deterioration. In the witness's opinion, the damage appeared to be caused by something like seismic activity and did not appear to result from settling or soil shrinkage.

After an off-the-record discussion with counsel, the trial court announced that the case would be continued until July 16, 2008, so that Meacham could identify additional expert witnesses and the parties could conduct further discovery. The court stated, "I want the case to be thoroughly tried and to get to the truth of the matter[,] and that's the reason that I'm [continuing the hearing] today." At the reconvened hearing on July 16, Meacham called two witnesses: the Authority's executive director and an expert she retained to help her identify what was causing the vibration problems. The Authority objected to any testimony by Meacham's expert, on the basis that the witness's fee as an expert was "somehow contingent upon the content of his testimony or the outcome of the case." In support of the Authority's motion to exclude the testimony, the Authority's counsel established that the witness did not have a written fee agreement with Meacham and that he intended to charge her based in part on her ability to pay. The Authority's counsel confronted the witness with his statement during his deposition as follows, "I will bill [Meacham and her attorney] if I feel like I have provided something they could use or something that helped them down the way or something that I feel that could help[,] whether it did or didn't." The witness agreed that he intended to make this decision of the value of his services when he compared the final bill (time spent multiplied by his hourly rate) and the outcome of the case. In somewhat garbled fashion, the witness explained that his view of whether his testimony would be "usable" in any particular case turned on whether it was "in the area that [the client] needed versus

---

[2] See OCGA § 9-11-26 (b) (4) (A) (i) ("A party may, through interrogatories, require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.").

YALE LAW LIBRARY

a lot of background that maybe didn't really ever come to be needed." He testified unequivocally that his bill would not be affected by the outcome of Meacham's lawsuit, regardless of whether her ability to pay increased as a result of a favorable outcome, and that he expected his bill to be paid. The trial court interrupted Meacham's counsel's voir dire of the witness and declared, "[t]he witness is a witness whose payment is contingent on his testimony. This would violate the lawyers' code of conduct and therefore it can't be allowed in court. I'll sustain the objection."

After releasing the witness, the trial court called for Meacham's next witness. Meacham's counsel stated that the plaintiff did not have any other witnesses at the hearing and stated, "[u]nless [the Authority's counsel] is intending to put his people up anyway and allow me the opportunity to prove the case through them, we would withdraw the motion" for an injunction. The Authority's counsel responded, "my understanding was that this was both a motion for permanent injunctive relief as well as a final trial on the merits[,] so we would move for a directed verdict." Meacham's counsel denied agreeing to consolidating a final trial on the merits with the injunction hearing and argued that the court should not consider the Authority's motion. He argued:

> [W]e're withdrawing the motion [for an injunction]. Your honor hasn't heard the evidence upon which to find the answer to the question: ["]Was there the science to support this or not[?"] Therefore, a directed verdict would be premature. . . . [W]e were going forward with this motion [for an injunction] with the understanding that the answer to this motion is the answer to the science. And to not [to] have to revisit the science of this was my understanding of the finality of this. And[,] as we are withdrawing it, the science has not been presented and there isn't the opportunity to rule on the science and therefore to rule on the merits of the injunction. . . . [Meacham] dismissed [her] motion [for an injunction] prior to the conclusion of the evidence. . . . It is our position that it is out of the purview of the Court to direct a verdict in . . . regard [to Meacham's claim for damages].

The trial court announced that it would direct a verdict in the Authority's favor because Meacham had "rested" without presenting any evidence that the Authority was causing the damage to her house.

On August 4, 2008, the Authority filed a motion for attorney fees pursuant to OCGA § 9-11-68 (b) (1), which authorizes a trial court

to award a defendant its reasonable attorney fees after receiving proof that the plaintiff had rejected an offer of settlement "if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement." In a footnote in its motion for fees, the Authority noted:

> [D]efense counsel believes further fees under OCGA § 9-15-14 are warranted here, and respectfully request[s] fees from the start of the case. [The Authority] will supplement with further information on fees and costs should the Court believe such fees and costs are warranted under OCGA § 9-15-14.

On August 26, 2008, the trial court granted the Authority's motion for fees pursuant to OCGA § 9-11-68 but vacated that order in an order signed on September 23, 2008, and filed on July 1, 2009. Another order signed on September 23, 2008, and filed on July 1, 2009, provided: "[T]his matter having come before the Court on [the Authority's] Motion for Attorneys' Fees, and for good cause shown, the Court grants an award of attorney's fees [in the amount of $38,814.22] under OCGA § 9-15-14 in favor of the . . . Authority."

On December 2, 2008, the trial court entered a written order disposing of the matters resolved by the hearing conducted on June 27 and July 16, 2008, which the court described as concerning "a combined motion for permanent injunctive relief and a final hearing on the merits." The court stated that Meacham failed to have at the hearing on June 27 any expert who "would testify on the crucial issue of proximate cause" and that, as a result, "[t]he Court continued the hearing so as to allow the late naming of two experts, and allow [the Authority] to depose the same prior to continuing the hearing." The trial court indicated that Meacham brought only one of her two experts to the July 16 hearing and that the trial court disqualified the witness from testifying after finding that he would not be paid for his services unless Meacham succeeded in collecting damages. The court stated that it exercised its discretion to disqualify the witness because "[s]ponsoring such a witness under those circumstances would be violative of [Meacham's] attorney['s] duties under Georgia Rule[s] of Professional Conduct Rule 3.4; see also State Disciplinary Board . . . Advisory Opinion No. 35 (July 15, 1983)." As characterized by the trial court, after the court disqualified Meacham's expert witness, Meacham rested, the Authority moved for a directed verdict, and the court "denied [Meacham's] motion for permanent injunctive relief[ ] and granted [the Authority's] motion for a directed verdict on the final hearing on the merits[,]" based on Meacham's "inability to provide any evidence of

causation."

1. As an initial matter, we note that, because there is no verdict in a bench trial, "it is procedurally incorrect to move for a directed verdict" in a non-jury case. (Citation and punctuation omitted.) *Kennery v. Mosteller*, 133 Ga. App. 879, 880 (212 SE2d 447) (1975). A motion for a directed verdict in a non-jury case will be construed as one for involuntary dismissal under OCGA § 9-11-41 (b),[3] and the grant of such a motion will be deemed an involuntary dismissal under that Code section. Id.

> The trial court, sitting as trier of fact in a non[-]jury trial, [is] authorized to adjudicate the case on the merits upon the [defendant's] motion to dismiss at the close of [the plaintiff's] case[,] and its findings of fact, analogous to a jury verdict, will not be disturbed [on appeal] if there is any evidence to support them.

(Citations omitted.) *Hamil v. Stanford*, 264 Ga. 801, 802 (1) (449 SE2d 118) (1994). See also *Chambers v. Green*, 245 Ga. App. 814, 816 (539 SE2d 181) (2000) (an order granting a motion for involuntary dismissal under OCGA § 9-11-41 (b) "will be reversed only when the evidence demands a contrary finding") (footnote omitted).

2. Meacham contends that the trial court deprived her of due process by dismissing her claim for damages at the conclusion of the July 16, 2008 hearing without giving her the required notice that the hearing would constitute a trial of the action on the merits, citing OCGA § 9-11-65 (a) (2).[4] In addition, Meacham contends that the consolidation of the final hearing on the merits with the injunction hearing deprived her of her constitutional right to a jury trial on her damages claim.

(a) Meacham's argument based on OCGA § 9-11-65 (a) (2) is inapposite, because, under the facts as alleged in her complaint, the trial court could not grant a merely *preliminary* injunction. "The

---

[3] . . . After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine the facts and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. . . .

OCGA § 9-11-41 (b).

[4] OCGA § 9-11-65 (a) (2) provides in pertinent part:

. . . Before or after the commencement of the hearing of an application for an interlocutory injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. . . . This paragraph shall be construed and applied so as to save any rights of the parties which they may have to trial by jury.

sole purpose for granting interlocutory injunctions is to preserve the status quo of the parties pending a final adjudication of the case." (Citation and punctuation omitted.) *State Farm Mut. Auto. Ins. Co. v. Mabry*, 274 Ga. 498, 509 (5) (556 SE2d 114) (2001). If the trial court were to grant the requested relief and order the Authority to cease "creat[ing] a nuisance on [Meacham's] property" with the underground water line, such an order would necessarily constitute a *permanent* injunction. See *Coker v. Birge*, 9 Ga. 425, 428-430 (1851); *Baumann v. Snider*, 243 Ga. App. 526, 531-532 (4) (532 SE2d 468) (2000). Because Meacham asked for a hearing on the permanent injunctive relief she was seeking, therefore, she will not be heard to argue that she lacked notice that the hearing would be a final hearing on the merits of her motion for an injunction.

(b) Although Meacham was not entitled to a jury trial at the hearing on her demand for a permanent injunction to abate the alleged nuisance,[5] she was entitled to a jury trial on her damages claim.[6] A civil litigant may waive her right to a jury trial, however, either expressly, as provided in OCGA § 9-11-39,[7] or impliedly, such as by voluntarily participating in a non-jury trial. *Raintree Farms v. Stripping Center, Ltd.*, 166 Ga. App. 848 (1) (305 SE2d 660) (1983).[8] We conclude from the transcripts of the hearings in this case that there was a consensus among the court and the litigants that Meacham's prayer for a permanent injunction and her claim for damages would both fail unless she could establish the "science" of the case, that is, whether she could prove that the Authority's underground water line was causing pressure waves and vibrations on her property. If Meacham could not prove causation, there would be no need to inquire into either the remedial measures the Author- ity would be required to undertake pursuant to any injunction or to calculate the amount of any money judgment for Meacham's alleged personal and property damages. Although Meacham's counsel in essence attempted to reserve the right to continue the hearing if the

---

[5] *Kim v. State of Ga.*, 272 Ga. 343, 344 (528 SE2d 798) (2000).

[6] Ga. Const. of 1983, Art. I, Sec. I, Par. XI; OCGA § 9-11-38.

[7] "The parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, may consent to trial by the court sitting without a jury." OCGA § 9-11-39 (a).

[8] See also *Fine v. Fine*, 281 Ga. 850, 851 (2) (642 SE2d 698) (2007) ("[A] party may waive a right to jury trial by his or her actions, either by appearing at the hearing and allowing the bench trial to proceed without objection, or, in rare circumstances, by conduct indicative of the fact that the right is not asserted, i.e., by failing to appear in court after proper notification and ignoring motions filed by the opposing party, such as a motion for bench trial.") (citations and punctuation omitted); *Howard v. Bank South*, 209 Ga. App. 407, 410 (4) (433 SE2d 625) (1993) (a waiver of the right to a jury trial must be knowing and voluntary, that is, the waiver must demonstrate a "full understanding of all circumstances surrounding relinquishment of the known right") (citation omitted).

available scientific evidence turned out to be inconclusive, Meacham voluntarily participated in a consolidated non-jury hearing on the threshold issue of causation. Meacham has not shown that the trial court deprived her of due process by conducting a hearing that she requested.

3. Meacham contends the trial court abused its discretion in excluding the testimony of her expert witness on the basis that her attorney could not ethically sponsor a witness whose payment was contingent on Meacham's success in collecting damages. In addition, Meacham contends the trial court erred in finding that her expert witness was such a witness. "The issue of the admissibility or exclusion of expert testimony rests in the broad discretion of the trial court, and[,] consequently, the trial court's ruling thereon cannot be reversed absent an abuse of discretion." (Punctuation and footnote omitted.) *Carter v. Smith*, 294 Ga. App. 590, 591 (1) (669 SE2d 425) (2008).

Under Georgia law, every person offered as a witness on the trial of any issue in a legal proceeding "shall be competent and compellable to give evidence on behalf" of a party and shall not be excluded "by reason of . . . interest[.]" OCGA § 24-9-1 (a). In other words, "witnesses who stand to gain from their testimony are competent witnesses." *Collins v. State*, 273 Ga. 93, 96 (5) (538 SE2d 47) (2000). "Any possible bias or interest on the part of [an] expert witness himself [is] admissible as reflecting on his credibility. It [does] not, however, render him incompetent to testify." (Citations and punctuation omitted.) *Ga. Bd. of Dentistry v. Pence*, 223 Ga. App. 603, 609 (8) (478 SE2d 437) (1996). Consequently, the trial court abused its discretion in excluding the expert witness solely on the basis of the expert's alleged interest in the outcome of the case. *Dayoub v. Yates-Astro Termite Pest Control Co.*, 239 Ga. App. 578, 580 (1) (521 SE2d 600) (1999) (the trial court erred as a matter of law in excluding the testimony of an entomologist regarding the standards of care of the pest control industry regarding termites or any deviation from such standard solely on the basis that the expert did not have a Georgia pest control operator's license).

Even so, the Authority contends that a trial court may exercise its "gate keeping function" in ruling on the admissibility of expert testimony "to prevent an expert's testimony from manifesting into an ethical violation by one of the lawyers in the courtroom"[9] and thus protect counsel from himself. The Authority has not identified

---

[9] See Georgia Rules of Professional Conduct, Rule 3.4 ("A lawyer shall not . . . pay, offer to pay, or acquiesce in the payment of compensation to a witness contingent upon the content of the testimony or the outcome of the case."); Rule 4-102, Standard 58 (accord).

any authority for this position. Pretermitting whether such preemptive protection of an attorney through the exclusion of evidence is authorized, the record did not support it in this case. Although the witness indicated that, at the time of his deposition, he intended to decide how much to bill Meacham after the trial, based on his own evaluation of whether his testimony was "usable," there was no evidence in the truncated voir dire of the witness that Meacham's *attorney* agreed to this scheme or otherwise agreed that the witness's compensation would be contingent on the outcome of the case. Because the trial court's unauthorized preemptive protection of Meacham's attorney immediately led to the dismissal of Meacham's claim for damages for failure to produce any expert evidence of causation, Meacham has not had her day in court. The judgment dismissing her claim is reversed.

4. Meacham contends that the trial court erred in awarding attorney fees pursuant to OCGA § 9-15-14. Even treating the footnoted reference to OCGA § 9-15-14 in the Authority's motion for attorney fees pursuant to OCGA § 9-11-68 (b) (1) as a motion for fees under OCGA § 9-15-14, we must vacate the award because the trial court failed to hold a required hearing on the motion for attorney fees, to identify the statutory basis under either subsection (a) or (b) for the award, and to include the requisite findings of conduct that authorize the award. *MacDonald v. Harris*, 266 Ga. App. 287, 288 (597 SE2d 125) (2004). "A hearing is required in order to enter an award of attorney fees . . . because an oral hearing gives the party opposing attorney fees an opportunity to confront and challenge testimony with regard to the need for, and value of, legal services." (Citations and emphasis omitted.) *Evers v. Evers*, 277 Ga. 132 (1) (587 SE2d 22) (2003). Further, in order to allow for meaningful appellate review, an order awarding attorney fees under OCGA § 9-15-14 must identify the statutory basis for the award and include findings of conduct that authorize the award. *Cason v. Cason*, 281 Ga. 296, 299-300 (3) (637 SE2d 716) (2006); *Ga. Dept. of Transp. v. Douglas Asphalt Co.*, 295 Ga. App. 421, 424 (1) (671 SE2d 899) (2009).

*Judgment reversed in part and vacated in part, and case remanded. Johnson, P. J., and Mikell, J., concur.*

DECIDED DECEMBER 28, 2009 —
RECONSIDERATION DENIED JANUARY 21, 2010 

*Daniel B. Greenfield*, for appellant.

*Landrum & Friduss, Phillip E. Friduss, Christine K. Van Berkum*, for appellee.