**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 12, 2025**

# In the Court of Appeals of Georgia

A24A1482. CAGLE v. CARRUTH et al.

HODGES, Judge.

Chelsea Cagle appeals an order from the Superior Court of Walker County dismissing her writ of quo warranto against Walker County Board of Education members Karen Harden and Mike Carruth.[1] Cagle contends that the trial court erred in granting Harden and Carruth's (collectively, "Respondents") motion for directed verdict because: (1) the court failed to apply the "any evidence" test in its evaluation

---

[1] Cagle filed a "suggestion of mootness" as to Carruth, stating that "there have been press reports that . . . Carruth . . . has resigned as a member of the Walker County Board of Education." In support thereof, Cagle included a hyperlink to a purported news article indicating that Carruth has resigned. However, as of the date of this opinion, no party has moved to supplement the record with any materials further addressing Cagle's assertion. See Court of Appeals Rule 41 (c). Our decision is, and must be, based on the record as it exists at the time our decision is rendered.

of the motion; (2) the trial court lacked, due to Respondents' failure to sufficiently identify, a specific basis to grant Respondents' directed verdict motion; and (3) the court improperly considered documentary evidence in the record rather than the evidence presented at trial. Finding no error, we affirm.

We begin by noting our standard of review: "At a bench trial, the trial court can determine when essential facts have not been proved. The trial court's determination as a trier of fact will be reversed only where the evidence demands a contrary finding." (Citation and punctuation omitted.) *Smith v. Ga. Kaolin Co.*, 269 Ga. 475, 476 (1) (498 SE2d 266) (1998); see also *Magnus Homes v. Derosa*, 248 Ga. App. 31, 32 (1) (545 SE2d 166) (2001) ("In all nonjury trials, the trial court's findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.") (citation and punctuation omitted). So viewed, the record reveals that Cagle is a resident, citizen, and taxpayer of Walker County, Georgia. Respondents are members of the Walker County Board of Education ("Board"), with Carruth first taking office in 2004 and Harden in 2021. Both were elected to full terms in November 2022. While Respondents were serving on the Board, their sons were employed in different capacities by the Walker County

School District. Carruth's son, Justin, was employed as the Coordinator of Secondary Curriculum / CTAE,[2] while Harden's son, Scott, was employed as the Coordinator of Instructional Technology.

In view of the sons' employment, Cagle filed an application for leave to file an information in the nature of quo warranto in September 2023 asserting that Respondents were not eligible to serve on the Board. See OCGA § 20-2-51 (c) (4) (A) ("No person who has an immediate family member . . . serving as . . . system administrative staff in the local school system shall be eligible to serve as a member of such local board of education."). The trial court granted Cagle's application, issued a writ of quo warranto against Respondents in December 2023,[3] and scheduled the writ for trial in March 2024.

Prior to trial, Respondents moved for summary judgment and included affidavits from the Board superintendent and human resources director in support of the motion, to which Cagle filed a response. The day before trial, the trial court

---

[2] "CTAE" is an acronym for Career, Technical, and Agricultural Education.

[3] Contemporaneously with their answer, Respondents filed an initial motion to dismiss the Cagle's writ of quo warranto, but the record does not include an order adjudicating that motion.

notified the parties that it intended "to start with oral arguments on Defendants' Motion for Summary Judgment and if denied, start the trial." After hearing argument, the trial court denied Respondents' motion and proceeded to trial, during which Cagle presented her evidence. The entirety of Cagle's presentation included her own testimony concerning her property ownership in Walker County to establish standing; the Board chair, who testified that the sons were employed as coordinators or directors in "administrative positions" with the Walker County School District; and a "journalist" who had viewed Scott Harden's LinkedIn online profile.[4] After Cagle presented her testimony, Respondents' counsel moved for a directed verdict, arguing that "[i]n an action to remove a public official from office the burden of proof must be carried by the plaintiff [and] I don't believe they have carried their burden. . . ." The trial court agreed and granted Respondents' motion, observing that

> what I think is very clear is the job descriptions of the two sons. Okay? I don't think the plaintiff has met that burden to say they're a director.

---

[4] The trial court sustained hearsay objections to a screen shot of the profile and to copies of emails from Scott Harden obtained through an open records request, and those rulings are not enumerated as error in this case.

4

You can call, I mean, they call maintenance people sanitation engineers. That [doesn't] make them an engineer. So you can call a duck a bird or call them an elephant if you want. That doesn't make it change.

So whether they're called director and I think [the Board chair] testified that their duties were different than their actual boss. Okay? They call them director and they call them coordinator.

Robin Samples'[5] job was more broad and had more duties. So there is a differential and based on the documents filed in the summary judgment, I'm going to grant the directed verdict.

Cagle did not object to the trial court's statement. In its written order granting Respondents' directed verdict motion, the trial court did not refer to Respondents' summary judgment motion and found instead that, "after presenting her case, [Cagle] did not carry the burden of proof . . . because the board [members'] sons' positions in the school system are not 'system administrative staff' position[s] within the meaning of OCGA § 20-2-51 (4) (A)." This appeal followed.

1. First, Cagle contends that the trial court failed to apply the "any evidence" test in its consideration of Respondents' directed verdict motion. However, Cagle

---

[5] Samples was the Director of Curriculum & Instruction for the Board.

relies upon an incorrect standard of review, and we conclude that the trial court did

not err in dismissing Cagle's writ of quo warranto.

Under Georgia law,

> [i]n a bench trial, where there is no verdict by a jury, a motion for directed verdict is treated as a request for involuntary dismissal under OCGA § 9-11-41 (b).[6] A dismissal under OCGA § 9-11-41 (b) does not require the trial court to construe the evidence most favorably for the non-moving plaintiff. Since the trial court determines the facts as well as the law, it necessarily follows that an involuntary dismissal may be warranted even though plaintiff may have established a prima facie case. Thus, despite the rule that a motion for a directed verdict in a bench trial is construed to be a motion for involuntary dismissal, we cannot treat a dismissal pursuant to OCGA § 9-11-41 (b) the same as a directed verdict in a jury trial, which may be upheld only if the evidence demands a particular verdict.

(Citation and punctuation omitted.) *Chalk v. Poletto*, 346 Ga. App. 491, 493 (816 SE2d

432) (2018). See also *Smith*, 269 Ga. at 476 (1); *Magnus Homes*, 248 Ga. App. at 32 (1)

---

[6] OCGA § 9-11-41 (b) provides: "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine the facts and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence."

("[A]t a bench trial, the trial court's ruling on an OCGA § 9-11-41 (b) motion for involuntary dismissal will not be disturbed if there is any evidence to support it.") (citation and punctuation omitted).

As a threshold matter, "[t]he writ of quo warranto may issue to inquire into the right of any person to any public office the duties of which he is in fact discharging[, but i]t may be granted only after the application by some person either claiming the office or interested therein." OCGA § 9-6-60.[7] Relevant to this case, and as we have noted, OCGA § 20-2-51 (c) (4) (A) provides that "[n]o person who has an immediate family member . . . serving as . . . system administrative staff in the local school system shall be eligible to serve as a member of such local board of education." The statute does not define "system administrative staff." Likewise, the Rules and Regulations of the Georgia Department of Education contain an identical nepotism policy that also does not define "system administrative staff." That said, it is unnecessary for us to define "system administrative staff" under either OCGA § 20-2-51 (c) (4) (A) or the

---

[7] To that end, "OCGA § 9-6-60 indicates that the type of 'person' who may pursue a writ of quo warranto to challenge the right of a 'person' to a public office must be someone who is capable of 'claiming' the public office occupied by another person, or a 'person' who is otherwise interested in the office in question even if that person is not making a direct claim to the office itself." (Punctuation omitted.) *Georgiacarry.org v. Allen*, 299 Ga. 716, 717 (791 SE2d 800) (2016).

7

Department of Education's Rules and Regulations because the Regulations note that local school systems, pursuant to control and management by a local board of education, like the Board, are responsible for adopting policies regarding nepotism and the definition of "system administrative staff." See Ga. Comp. R. & Regs., r. 160-5-1-.36 (1) (d), (5) (a) (1).

In this case, Cagle alleged that Respondents were not eligible to hold their seats on the Board pursuant to OCGA § 20-2-51 (c) (4) (A) because of their sons' employment by the Walker County School District. Therefore, Cagle bore the burden of proof to demonstrate that Respondents were ineligible to hold their seats, and part of that burden required Cagle to demonstrate that the sons were "system administrative staff" as defined by the Board. OCGA § 20-2-51 (c) (4) (A); Ga. Comp. R. & Regs., r. 16-5-1-.36 (5) (a) (1).

Cagle shirked her burden. Quite literally, the only admissible evidence[8] Cagle offered came from testimony: (i) by Cagle herself that she resided in Walker County; and (ii) by the Board chair that "Justin [Carruth] is the director of CTA and Scott [Harden] is director of technology" and that these were "administrative positions[.]"

---

[8] See n. 4, supra.

But the Board chair offered no testimony concerning the Board's definition of "system administrative staff." On cross-examination, the Board chair acknowledged that she referred to the sons as "directors" because "[t]hat's how they are introduced" and that they were "called coordinators as well." She also agreed that Samples, the Director of Curriculum & Instruction for the Board, had authority over the sons despite the titles by which they were referred to and that Samples had a broader job description than the sons. In short, Cagle offered no testimony whatsoever defining "system administrative staff," much less whether either of the sons were classified as "system administrative staff" by the Board, under either OCGA § 20-2-51 (c) (4) (A) or Ga. Comp. R. & Regs., r. 16-5-1-.36 (5) (a) (1), to support her burden on the writ of quo warranto.

In view of the limited evidence Cagle offered, "[a] finding in favor of [Cagle] was not demanded by the evidence at the bench trial. Accordingly, the trial court did not err by dismissing [Cagle's petition] pursuant to OCGA § 9-11-41 (b)." (Citations omitted.) *Smith*, 269 Ga. at 477 (2). Therefore, we affirm the trial court's dismissal of Cagle's writ of quo warranto against Respondents.

2. In her two remaining enumerations of error, Cagle argues that the trial court lacked a specific basis to grant Respondents' directed verdict motion and improperly considered documentary evidence in the record rather than the evidence presented at trial. We are not persuaded.

(a) *Specific Basis to Grant Directed Verdict.* OCGA § 9-11-50 (a) provides that "[a] motion for a directed verdict shall state the specific grounds therefor." In this case, Respondents moved for a directed verdict at the close of Cagle's evidence, but failed to identify a specific ground in support of the motion. Nevertheless, we note that "where a motion for directed verdict is granted and the moving party is entitled to judgment as a matter of law, the judgment of the trial court should not be reversed merely because the moving party failed to properly specify the grounds on which the motion is based." (Citation and punctuation omitted.) *Waddy v. Scottish Rite Children's Med. Center*, 221 Ga. App. 760, 761 (1) (472 SE2d 702) (1996). As a result, we find no reversible error.

(b) *Consideration of Documentary Evidence.* We first observe that Cagle failed to object to the trial court's oral pronouncement that, "based on the documents filed in the summary judgment, I'm going to grant the directed verdict." See *Williams v.*

*Harvey*, 311 Ga. 439, 442 (1) (858 SE2d 479) (2021) ("The contemporaneous objection rule, which has been a cornerstone of Georgia trial practice for over 150 years, generally requires that, in order to preserve a point of error for the consideration of an appellate court, counsel must take exception to the alleged error at the earliest possible opportunity in the progress of the case by a proper objection made a part of the record.") (citation and punctuation omitted).[9] Even so, the trial court's written order does not refer to the summary judgment standard or to evidence presented in support of Respondents' summary judgment motion. Instead, the order simply stated that, "after presenting her case, [Cagle] did not carry the burden of proof . . . because the board member's sons' positions in the school system are not 'system administrative staff' position[s] within the meaning of OCGA § 20-2-51 (4) (A)." Inasmuch as Cagle's enumeration addresses the trial court's oral statement, rather than its written conclusion, the enumeration is without merit. See *Mondy v. Magnolia Advanced Materials*, 303 Ga. 764, 772 (4) (b) (815 SE2d 70) (2018) ("[U]ntil an oral pronouncement is memorialized, the trial judge has broad discretion to amend,

---

[9] Moreover, we note that this enumeration is not supported by a single citation of authority. As a result, it would also be ripe to be deemed abandoned. See Court of Appeals Rule 25 (d) (1) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned.").

alter, or completely change his decision, and any discrepancy between the oral pronouncement and the written ruling will be resolved in favor of the written judgment.").

*Judgment affirmed. Doyle, P. J., and Watkins, J., concur.*